# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Clarence B. Winfrey, Jr., ) | |
| ) | Civil Action No: 3:16-3275-MBS |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| American Fire and Casualty Insurance ) | |
| Company, c/o Liberty Mutual Group, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff Clarence B. Winfrey's ("Plaintiff") Motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e).[1] ECF No. 29. Alternatively, Plaintiff requests that the court withdraw its Order ("Dismissal Order"), ECF No. 27, and certify questions provided by Plaintiff in his motion. ECF No. 29 at 10, 16, 40. Plaintiff has not stated procedural grounds for this request. Under Federal Rule of Civil Procedure 60(b)(6), a court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Because Plaintiff is seeking relief from the court's Dismissal Order so that Plaintiff may move the court to certify his questions to the South Carolina Supreme Court, the court will construe Plaintiff's alternative request as a motion for relief from judgment, pursuant to Federal Rule of Civil Procedure 60(b)(5). Defendant American Fire and Casualty Insurance Company, *on behalf of* Liberty Mutual Group ("Defendant") timely responded in opposition, ECF

---

[1] Plaintiff specifically moves the court for a "new trial, for rehearing, and/or to alter or amend the judgment," pursuant to Federal Rule of Civil Procedure 59(a)(1), (b)(2) (sic), and (e). The court finds that Plaintiff's motion under 59(a)(1) is inapplicable as there has been no trial in this matter. It appears Plaintiff made a scrivener error in citing to 59(b)(2) as there is no such subsection under Rule 59. The court believes Plaintiff intended to cite to 59(a)(1)(B) which mentions rehearings, however, that subsection is also inapplicable.

No. 30, to which Plaintiff replied. ECF. No. 31. For the reasons stated below, Plaintiff's motions are denied.

## I.     RELEVANT FACTUAL BACKGROUND

Because the facts of this case have been thoroughly detailed in the court's Dismissal Order, *Winfrey v. American Fire and Casualty Insurance Co.,* 3:16-cv-3275-MBS, the court will provide only a brief statement of the facts. Plaintiff objects to some of the facts stated in the court's Dismissal Order, however, the court finds that Plaintiff's objections are without merit. [2] Plaintiff is suing Defendant for (1) fraud; (2) breach of contract with fraudulent intent; (3) bad faith failure to pay benefits; (4) intentional infliction of emotional distress ("IIED"); and (5) abuse of process. ECF No. 1-1 at ¶¶ 36–57. Plaintiff's claims arise from a workers' compensation dispute. Defendant moved to dismiss the matter pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted. ECF No. 4. Plaintiff opposed the motion to dismiss, ECF No. 16, and Defendant replied. ECF No. 17. The court held a hearing on June 20, 2017. ECF No. 26.

On August 7, 2017, the court granted Defendant's Motion to Dismiss. ECF No. 27. As to Plaintiff's first and second causes of action, fraud and breach of contract with fraudulent intent, the court dismissed those claims based on collateral estoppel. *Id.* at 9–11. As to Plaintiff's third cause of action, bad faith failure to pay benefits, the court determined it lacked subject matter

---

[2] Plaintiff alleges that many of the facts presented by the court came from the South Carolina Workers' Compensation Commission opinion, *Winfrey v. Archways Servs. Inc.*, No.1306305, 2014 WL 4659460 at *7 (W.C.C. July 25, 2014), and that the court erred in its reliance on those facts, as those facts involved disputed issues of facts. ECF No. 29 at 4. Plaintiff next alleges that the court presented an inaccurate fact in its Dismissal Order. ECF No. 29 at 4. Plaintiff further contends that the court erred in using facts that the court became aware of during the motion to dismiss hearing on June 20, 2017. ECF No. 29 at 5.

2

jurisdiction over the claim. *Id.* at 6–9. Lastly, Plaintiff's fourth and fifth causes of action, IIED and abuse of process, were dismissed for failure to state a plausible claim. *Id.* at 11–14.

## II.     LEGAL STANDARD AND ANALYSIS

The decision whether to amend or alter a judgment pursuant to Federal Rule of Civil Procedure 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole,* 48 F.3d 1376, 1382 (4th Cir. 1995). "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A motion for reconsideration "is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either: (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union,* 34 F.3d 233, 235 (4th Cir. 1994).

   1. <u>Dismissal of Bad Faith Claim</u>

Plaintiff objects to the court's finding that, pursuant to the South Carolina Court of Appeals' opinion in *Cook v. Mack Transfer and Storage,* the court does not have subject matter jurisdiction over Plaintiff's bad faith failure to pay benefits claim. ECF No. 29 at 16; *Cook v. Mack Transfer and Storage*, 352 S.E.2d 296 (S.C. Ct. App. 1986) (holding that a worker's suit for bad faith refusal to pay benefits is exclusively within the jurisdiction of the Worker's Compensation Commission). According to Plaintiff, the South Carolina Supreme Court opinion

3

in *Carter v. Boyd Constr. Co.,* 178 S.E.2d 536 (S.C. 1971), controls.[3] ECF No. 29 at 16. However, Plaintiff raised this same argument in his response in opposition to Defendant's Motion to Dismiss. ECF No. 16 at 9 ("Further, the South Carolina Court of Appeals decision in *Cook v. Mack Transfer and Storage,* 352 S.E.2d 296 (S.C. Ct. App. 1986)[,] does not refer to and is diametrically opposed to the holding of the South Carolina Supreme Court in the case of *Carter v. Boyd Construction Co.*, 178 S.E.2d 536 (S.C. 1971)[,] wherein the Supreme Court held that the employee has a specific right to bring a cause of action for Intentional Refusal to Pay Benefits under the Act.").

As the court previously stated, the South Carolina Supreme Court has approved the holding in *Cook*. *See Ancrum v. U.S. Fid. & Guar. Co.*, 389 S.E.2d 645, 646 (S.C. 1989) (noting approval of the holding in *Cook* that "an employee could not maintain a bad faith claim against a worker's compensation carrier because the Act provides a statutory remedy for refusal to pay benefits. *See* S.C. Code Ann. § 42-17-20 (1985)"). Furthermore, as the court previously explained, the holding in *Cook* does not support Plaintiff's argument that he is a contemplated insured and statutory first party to the insurance contract. *Cook,* 352 S.E.2d at 300. Thus, Plaintiff's contention that the exclusivity provision does not apply to Defendant is without merit.

2. Dismissal of Fraud and Breach of Contract with Fraudulent Intent Claims

Plaintiff contends that the court committed clear error of law when it "overlooked as a matter of law and fact that bad faith is not an element in either of these two causes of action." ECF No. 29 at 22. According to Plaintiff, the court "confuses and misapprehends that there is no importance to and that there is no element of good faith in a fraud action." *Id.*

---

[3] Specifically, the court in *Carter* stated, "[a] Workman's Compensation insurance policy by virtue of Code Sec. 72-408 is, in effect, made a contract or agreement between the insurer and the person or persons entitled to compensation benefits." *Carter*, at 539.

In 2014, the Workers' Compensation Commission found that "Defendants properly terminated [Plaintiff's] workers' compensation benefits on September 12, 2013, by meeting all the required elements for termination under § 42-9-260 (B)(3)." *Winfrey v. Archway Servs. Inc., & Am. Fire & Cas. Ins. Co. c/o Liberty Mut. Grp.*, 1306305, 2014 WL 4659460, at *7 (S.C. Work. Comp. Comm. July 25, 2014). Taking judicial notice of the Commission's opinion, this court determined that the Commission's findings regarding Defendant's good faith investigation[4] and denial of Plaintiff's claim were a final and valid judgment from the Commission. ECF No. 27 at 11. Based on the Commission's conclusion that Defendant properly terminated Plaintiff's workers' compensation benefits, this court determined that Plaintiff could no longer plausibly state a claim for fraud and breach of contract with fraudulent intent. For Plaintiff to state a plausible claim for relief for fraud and breach of contract with fraudulent intent, Plaintiff would necessarily have to show a bad faith denial of his claim. As the court previously explained, under the doctrine of collateral estoppel, Plaintiff is precluded from making such an argument.

Moreover, on August 2, 2017, the South Carolina Court of Appeals issued an unpublished opinion affirming the Commission's finding. *Winfrey v. Archways Servs. Inc.*, 2017-UP-338 (S.C. Ct. App. dated August 2, 2017) (concluding that the Appellate Panel did not err in holding that Winfrey's medical records provide a sufficient basis for a good faith denial of

---

[4] Specifically, the Commission stated in its Conclusions of Law the following:

> Defendants represented to the Commission they conducted a good faith investigation of the claim . . . . Claimant did not provide any evidence that Defendants conducted their investigation in anything other than good faith . . . . Therefore, a belief of Defendants formed following a good faith investigation that Claimant had not met his burden of proving compensability is adequate grounds for denial of the claim by the Defendants.

*Winfrey v. Archways Servs. Inc.,* No.1306305, 2014 WL 4659460 at *7 (W.C.C. July 25, 2014).

benefits). Therefore, the court will not reconsider its decision. *See* ECF No. 27 at 11. Plaintiff's contention is without merit.

3. Dismissal of IIED Claim

Plaintiff avers the court committed an error of law by stating as a legal conclusion that Plaintiff's cause of action for IIED was based solely on: (1) a subpoena issued while the matter was on appeal; and (2) Defendant's failure to conduct a good faith investigation. ECF No. 29 at 27; ECF No. 31 at 4. According to Plaintiff, the entire body of the pleading is a part of the cause of action for IIED. ECF No. 29 at 27. Plaintiff notes that under the IIED claim, his Complaint states, "all allegations contained in paragraph 1–51 are hereby incorporated herein as if they had been set forth fully hereinafter." ECF No. 29 at 27.

Plaintiff's Complaint specifically discusses the subpoena that was allegedly issued while no action was pending, as well as Defendant's alleged failure to conduct a good faith investigation, as facts relevant to his IIED claim. ECF 1-1 at ¶¶ 53–54. However, the court did consider the entirety of Plaintiff's Complaint and did not find Plaintiff's allegations of Defendant's conduct to be "so extreme and outrageous as to exceed all possible bounds of decency." *Bass v. S.C. Dep't of Soc. Servs.,* 780 S.E.2d 252, 260 (S.C. 2015). The court finds that Plaintiff's contention is without merit.

4. Dismissal of Abuse of Process Claim

Plaintiff contends that the court committed clear error in the application of the elements set forth in *Pellares v. Seinar,* 756 S.E.2d 128, 133 (S.C. 2014). ECF No. 29 at 37; ECF No. 31 at 5. Plaintiff cites to the same excerpt from the *Pellares* decision to support his claim for abuse of process as he did in opposition to Defendant's motion to dismiss. *See* ECF No. 16 at 19; ECF No. 29 at 38. Plaintiff is merely rearguing a point already raised. As the court previously stated,

Plaintiff failed to state a plausible claim under the elements set forth in *Pellarse*. ECF No. 27. Plaintiff's contention is without merit.

5. <u>Plaintiff's Alternative Request for Withdrawal of Order and Submission of Certified Questions</u>

Plaintiff alternatively requests that the court "withdraw its Opinion and certify [four] questions to the [South Carolina] Supreme Court for resolution." ECF No. 29 at 10. Under Federal Rule of Civil Procedure 60(b)(6), a court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The court finds that Plaintiff's request to certify questions is untimely. *See* Rule 244 SCACR ("The Supreme Court in its discretion may answer questions of law certified to it by any federal court of the United States . . . if there are involved in any proceeding before that court questions of law of this state which may be determinative of the cause *then pending* in the certifying court.") (emphasis added). Plaintiff claims that his counsel requested to certify questions during the motion to dismiss hearing. ECF No. 29 at 9; ECF No. 31 at 3. Plaintiff has not provided anything from the record evidencing an oral request, or any discussion thereof. Assuming that Plaintiff did mention certifying questions, simply stating, or suggesting, that questions be certified during oral argument does not impose an obligation on the court to act. Had the court been inclined to certify a question, there would have been several steps taken in preparation for certifying a question, and a decision on Defendant's Motion would not have been made until the Supreme Court issued an order answering the certified question(s).

Additionally, Plaintiff's motivation for certifying questions is based on his view that there is a conflict between the South Carolina Supreme Court and the South Carolina Court of Appeals regarding application of the exclusivity clause. The court has already explained both in its Dismissal Order and above that the South Carolina Supreme Court has approved the holding in

*Cook.* Thus, the court finds that Plaintiff has not stated facts sufficient to justify relief from judgment. The court therefore denies Plaintiff's motion for relief from judgment. Furthermore, the court declines to certify Plaintiff's questions to the South Carolina Supreme Court.

## III.    CONCLUSION

Plaintiff's motion for a new trial, pursuant to Rule 59(a)(1), and Plaintiff's motion to alter or amend the judgment, pursuant to Rule 59(e), are **DENIED**. Plaintiff's motion for a rehearing is also **DENIED**. Plaintiff's alternative motion for the court to withdraw its Order, which the court has construed as a motion for relief from judgment pursuant to Rule 60(b)(6), is **DENIED**. Plaintiff's alternative request for the court to certify questions to the South Carolina Supreme Court is **DENIED**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Honorable Margaret B. Seymour
Senior United States District Judge

August 3, 2018
Columbia, South Carolina